

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

April 8, 1975

The Honorable Jim Sharon Bearden
Orange County Attorney
Orange County Courthouse
Orange, Texas 77630

Opinion No. H- 576

Re: Whether a county tax
assessor-collector may be
required to collect taxes based
on an assessment ratio different
from that of the county.

Dear Mr. Bearden:

You have asked if, when a city elects to avail itself of the provisions of article 1042b, V. T. C. S., a county tax assessor-collector must assume collection of all delinquent and current taxes owed the city, even though the city's ratio of assessment was different from that of the county.

You advise that the City of Pinehurst, by ordinance and pursuant to article 1042b, V. T. C. S., abolished the office of city tax assessor-collector and gave notice that, effective January 1, 1975, the Orange County Tax Assessor-Collector would be empowered to act as tax assessor-collector for the city and that the said official should "perform all of the duties heretofore performed by the said city tax assessor and tax collector." Article 1042b, section 4 provides that when a city does so:

> Sec. 4. The property situated within and subject
> to taxation in said incorporated cities, towns or
> villages... taking advantage of this Act shall be
> assessed at the same value as it is assessed for
> county and state purposes. (Emphasis added).

Similar statutory provisions are found in articles 1066b and 7359, V. T. C. S. They have been held valid. Attorney General Opinions M-569 (1970), O-2125 (1940), O-2152 (1940). See Lancaster Independent School District v. Pinson, 510 S. W. 2d 380 (Tex. Civ. App. -- Dallas 1974, writ ref'd n. r. e.). We assume the City and the County Commissioners Court reached agreement on the compensation to be paid for such services. See Attorney General Opinions M-146 (1967), O-6949 (1945). But the Orange County Tax Assessor-Collector must assume the city duties in any event. The Legislature has not given counties or county tax assessor-collectors a choice.

It is recognized that ordinarily cities may lawfully utilize fractional assessments. Attorney General Opinion H-448 (1974). When cities employ article 1042b, they give up control of the basis upon which assessments will be made. Section 4 of article 1042b specifies that property within cities taking advantage of the statute is to be assessed at the same value as it is assessed for county and state purposes, but it does not require that past due city taxes be abandoned unless they were assessed on that basis. The duties to be assumed include the duty to "collect all the taxes due the city." (emphasis added) Art. 1044, V. T. C. S. The word "all", as used in the statute, includes delinquent taxes and taxes on property which improperly escaped assessment in previous years. Art. 1047, V. T. C. S.

However, article 1047 does indicate that whenever the city assessor and collector ascertains that any taxable property has not been assessed for any previous year, he should assess it in a supplement to his next assessment roll "at the same rate under which such property should have been assessed for such year." (Emphasis added)

The provisions of article 1047 have been part of our law for a hundred years. In our opinion, the command of section 4 of article 1042b, requiring that property in cities taking advantage of its provisions "shall be assessed at the same value as it is assessed for county and state purposes" speaks prospectively and forbids the city of Pinehurst from interfering with or controlling the judgments or evaluations of the county tax assessor for 1975 assessments. Attorney General Opinion O-5426 (1943). It does not however prevent the County Tax Assessor-Collector from observing past city actions which affect legal assessments made or to be made for prior years, collecting delinquent taxes computed in compliance therewith, or performing the duties imposed by article 1047, V. T. C. S.

## SUMMARY

When a city properly elects to avail itself of the provisions of article 1042b, V. T. C. S., a county tax assessor-collector is required to assume collection of all delinquent and current taxes owed the city, even though the city's ratio of assessment for prior years has been different from that of the county, but the city cannot otherwise control the rate of assessments.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb